IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF OHIO

FILED
JAMES BONINI
CLERK

07 DEC 24 PM 12:00

U.S. [...]
SOUTH [...] OHIO
EAST. DIV. COLUMBUS

SHIRLEY MILLER, individually and as
Administratrix of the Estate of Kristy L.
Miller, deceased
811 Cost Avenue
Stonewood, WV 26301

    Plaintiff,

v.

ARBORS AT GALLIPOLIS and
GALLIPOLIS CARE, LLC d/b/a
ARBORS AT GALLIPOLIS
c/o Administrator
170 Pinecrest Drive
Gallipolis, OH 45631

    Defendant.

Civil Action No: 2:07 cv 1295

Judge: JUDGE SARGUS

MAGISTRATE [...]

## COMPLAINT AND DEMAND FOR JURY TRIAL

Now comes the Plaintiff, Shirley Miller, individually and as Administratrix of the Estate of Kristy L. Miller, deceased, who, for her complaint against the Defendant, Arbors at Gallipolis, and/or Gallipolis Care, LLC d/b/a Arbors at Gallipolis, states as follows:

1.    The Plaintiff, Shirley Miller, is a citizen and domiciliary of the State of West Virginia.

2.    The Decedent, Kristy Miller, was at the time of her death a citizen and domiciliary of the State of West Virginia.

3.    Upon information and belief, Defendant, Gallipolis Care, LLC, is and at all relevant times was, a limited liability company organized and existing under the laws of the State of Ohio which owns and/or operates, under the trade name "Arbors at Gallipolis," a residential care facility or "nursing home" at 170 Pinecrest Drive, Gallipolis, OH 45631.

BORDAS & BORDAS, PLLC
ATTORNEYS AT LAW
1358 NATIONAL ROAD
WHEELING, WEST VIRGINIA 26003
(304) 242-8410

OHIO OFFICE
246 W. MAIN STREET
ST. CLAIRSVILLE, OHIO 43950
(740) 695-8141

4. Upon information and belief, the sole member of Gallipolis Care, LLC, is Northern Health Facilities, Inc., a corporation incorporated under the laws of the State of Delaware and having its principal place of business at 111 W. Michigan Street, Milwaukee, WI, 53203.

6. The amount in controversy in this action is in excess of the $75,000 jurisdictional requirement of 28 U.S.C. § 1332(a).

7. Complete diversity of citizenship exists in accordance with 28 U.S.C § 1332.

8. Venue in the United States District Court for the Southern District of Ohio is appropriate pursuant to 28 U.S.C. § 1391(a) because the Defendant, Arbors at Gallipolis, is a resident of the Southern District of Ohio.

9. Venue in the United States District Court for the Southern District of Ohio is alternatively appropriate pursuant to 28 U.S.C. § 1391(a) because the Defendant's acts and or omissions giving rise to this cause of action occurred within the Southern District of Ohio.

10. On October 19, 2005, the Plaintiff, Shirley Miller, was duly appointed Administratrix of the estate of her daughter, Kristy L. Miller. A certified copy of her appointment is attached as Exhibit "A." Kristy L. Miller is survived by her mother, Shirley Miller, her father, Raymond Miller, and her sister, Kim Signorelli, all of whom are entitled to collect damages as a result of Kristy L. Miller's death pursuant to Ohio Revised Code § 2125.02.

11. On December 2, 2003, the decedent, Kristy L. Miller, was admitted to the Defendant's nursing home.

12. The Defendant, Arbors at Gallipolis, by and through its employees, agents, and representatives, had a duty to exercise reasonable care to the decedent, Kristy L. Miller.

BORDAS & BORDAS, PLLC
ATTORNEYS AT LAW
1358 NATIONAL ROAD
WHEELING, WEST VIRGINIA 26003
(304) 242-8410

OHIO OFFICE
246 W. MAIN STREET
ST. CLAIRSVILLE, OHIO 43950
(740) 695-8141

13. The Defendant, Arbors at Gallipolis, by and through its employees, agents and representatives, was negligent, or deliberately failed to exercise reasonable care, to Kristy L. Miller during the time she was under the Defendant's care in the following particulars:

   a. in failing to provide care for Kristy L. Miller, which failure resulted in multiple life threatening problems;

   b. in failing to follow instructions of the plan of care;

   c. in failing to implement preventive measures;

   d. in failing to properly transfer Kristy L. Miller from one unit to another and in failing to adequately obtain and document information necessary to care for Kristy L. Miller;

   e. in failing to provide to meet basic safety needs related to Kristy L. Miller's dysphasia resulting in aspiration and death;

   f. in failing to appropriately care for Kristy L. Miller, eventually resulting in her death;

   g. in failing to provide adequate staffing that would allow Arbors at Gallipolis to provide a reasonable level of care; and

   h. other acts and omissions both known and unknown to the Plaintiff.

14. A copy of the EXPERT'S AFFIDAVIT OF MERIT is attached as Exhibit "B" pursuant to Rule 10(D)(2) of the Ohio Rules of Civil Procedure.

15. The Defendant, Arbors at Gallipolis, by and through its employees, agents, and representatives, had a duty to Kristy L. Miller and her family to follow federal statutes, rules and regulations governing nursing home residents, including specifically the Nursing Home Reform Act of 1987 and the regulations codified in 42 C.F.R. Part 483.

BORDAS & BORDAS, PLLC
ATTORNEYS AT LAW
1358 NATIONAL ROAD
WHEELING, WEST VIRGINIA 26003
(304) 242-8410

OHIO OFFICE
246 W. MAIN STREET
ST. CLAIRSVILLE, OHIO 43950
(740) 695-8141

16. The Defendant, Arbors at Gallipolis, by and through its employees, agents, and representatives, failed to follow multiple federal statutes, rules and regulations including one or more of the following:

42 CFR 483.13(c), providing that the facility must develop and implement written policies and procedures that prohibit mistreatment, neglect, and abuse of residents and misappropriation of resident property;

42 CFR 483.20(k)(3)(i), providing that the services provided or arranged for by the facility must meet professional standards of quality;

42 CFR 483.25, providing that each resident must receive and the facility must provide the necessary care and services to attain or maintain the highest practicable physical, mental, and psychosocial well-being, in accordance with the comprehensive assessment and plan of care;

42 CFR 483.25(a)(3), providing that the facility must ensure that a resident who is unable to carry out activities of daily living receives the necessary services to maintain good nutrition, grooming, and personal and oral hygiene;

42 CFR 483.25(d)(2), providing that the facility must ensure that a resident who is incontinent of bladder receives appropriate treatment and services to prevent urinary tract infections and to restore as much normal bladder function as possible;

42 CFR 483.25(g), providing that the facility must ensure that a resident who is fed by a naso-gastric or gastrostomy tube receives the appropriate treatment and services to prevent aspiration pneumonia, diarrhea, vomiting,

BORDAS & BORDAS, PLLC
ATTORNEYS AT LAW
1358 NATIONAL ROAD
WHEELING, WEST VIRGINIA 26003
(304) 242-8410

OHIO OFFICE
246 W. MAIN STREET
ST. CLAIRSVILLE, OHIO 43950
(740) 695-8141

dehydration, metabolic abnormalities, and nasal-pharyngeal ulcers and to restore, if possible, normal eating skills;

42 CFR 483.25(i), providing that the facility must ensure that each resident maintains acceptable parameters of nutritional status, such as body weight and protein levels, unless the resident's clinical condition demonstrates that this is not possible;

42 CFR 482.25(j), providing that the facility must provide each resident with sufficient fluid intake to maintain proper hydration and health;

42 CFR 483.30, providing that the facility must have sufficient nursing staff to provide nursing and related services to attain or maintain the highest practicable physical, mental, and psychosocial well-being of each resident.

17. The failure of the Defendant to follow federal statutes, rules and regulations as aforesaid constitutes negligence per se, or, at a minimum, gives rise to a rebuttable presumption of negligence.

18. The Defendant, Arbors at Gallipolis, by and through its employees, agents, and representatives, had a duty to Kristy L. Miller and her family to follow state statutes, rules and regulations governing nursing home residents, including specifically the Nursing Home Residents Bill of Rights, R.C. 3721.10 and the regulations thereunder.

19. The Defendant, Arbors at Gallipolis, by and through its employees, agents, and representatives, failed to follow multiple state statutes, rules and regulations including one or more of the following:

BORDAS & BORDAS, PLLC
ATTORNEYS AT LAW
1358 NATIONAL ROAD
WHEELING, WEST VIRGINIA 26003
(304) 242-8410

OHIO OFFICE
246 W. MAIN STREET
ST. CLAIRSVILLE, OHIO 43950
(740) 695-8141

R.C. 3721.13 (A)(1), providing the right to a safe and clean living environment pursuant to the Medicare and Medicaid programs and applicable state laws and regulations prescribed by the public health counsel;

R.C. 3721.13(A)(2), providing the right to be free from physical, verbal, mental, and emotional abuse and to be treated at all times with courtesy, respect, and full recognition of dignity and individuality;

R.C. 3721.13(A)(3), providing, upon admission and thereafter, the right to adequate and appropriate medical treatment and nursing care and to other ancillary services that comprise necessary and appropriate care consistent with the program for which the resident contracted.

20. The failure of the Defendant to follow state statutes, rules and regulations as aforesaid constitutes negligence *per se*, or, at a minimum, gives rise to a rebuttable presumption of negligence.

21. As a direct and proximate result of the Defendant's negligence or intentional conduct described above, Kristy L. Miller died on September 23, 2005.

22. Prior to her death, and as a result of the Defendant's negligence or intentional conduct, Kristy L. Miller suffered bodily and emotional pain and suffering.

23. As a direct and proximate result of the Defendant's negligent or intentional conduct, the statutory beneficiaries of Kristy L. Miller have suffered sorrow and mental anguish, including a loss of the solace, society, companionship, comfort, guidance, kindly offices and advice that Kristy L. Miller would have provided to them during her lifetime.

BORDAS & BORDAS, PLLC
ATTORNEYS AT LAW
1358 NATIONAL ROAD
WHEELING, WEST VIRGINIA 26003
(304) 242-8410

OHIO OFFICE
246 W. MAIN STREET
ST. CLAIRSVILLE, OHIO 43950
(740) 695-8141

24. As a direct and proximate result of the Defendant's negligence or intentional conduct, the Plaintiff, Shirley Miller, has incurred funeral expenses and other expenses related to the medical treatment rendered to Kristy L. Miller.

25. The acts and omissions of the Defendant, Arbors at Gallipolis, were so outrageous in nature that the Plaintiff is entitled to recover punitive damages to punish the Defendant for its conduct and to deter the Defendant, and others, from engaging in similar conduct in the future.

WHEREFORE, Plaintiff, Shirley Miller, respectfully prays that judgment be entered against the Defendant, Arbors at Gallipolis, in an amount in excess of $75,000 and which will fully and fairly compensate the estate of Kristy L. Miller, and the statutory beneficiaries for the damages sustained by them, past, present and future, and for punitive damages in an amount to be determined by the jury, with interest thereon, attorneys fees, costs and expenses incurred in connection herewith, and for such other relief as this court deems proper.

<u>A TRIAL BY JURY IS DEMANDED ON ALL ISSUES</u>.

SHIRLEY MILLER, individually and as Administratrix of the Estate of Kristy L. Miller, deceased, Plaintiff

by: _____
CHRISTOPHER J. REGAN #0074492
JAMES G. BORDAS, JR.
Bordas & Bordas, PLLC
1358 National Road
Wheeling, WV 26003
304-242-8410
As Counsel for Plaintiff

BORDAS & BORDAS, PLLC
ATTORNEYS AT LAW
1358 NATIONAL ROAD
WHEELING, WEST VIRGINIA 26003
(304) 242-8410

OHIO OFFICE
246 W. MAIN STREET
ST. CLAIRSVILLE, OHIO 43950
(740) 695-8141